# THE ST. PATRICK.*

(*District Court, E. D. Pennsylvania.* April 4, 1881.)

1. ADMIRALTY—COMMON CARRIER—LIABILITY FOR STOWING CARGO IN CONTACT WITH CHEMICALS.

   A carrier is responsible for stowing merchandise in unsafe proximity to chemicals liable to injure it.

2. SAME—EXTRAORDINARY INJURY RESULTING FROM PECULIAR NATURE OF MERCHANDISE.

   Whether the carrier is liable for extraordinary injury resulting from the peculiar character and value of the merchandise not communicated or known to the carrier, not decided.

3. SAME—STOWAGE OF LIMA WOOD IN CONTACT WITH BLEACHING POWDER.

   Lima wood, a delicate wood, peculiarly liable to injury from chemicals, was shipped on a vessel having as part of its cargo soda-ash and bleaching powder. No notice was given to the master of the character or value of the wood, and he supposing it to be logwood stowed it in contact with the casks of bleaching powder by which it was injured. *Held*, that, as bleaching powder was known to be liable to

*Reported by Frank P. Prichard, Esq., of the Philadelphia bar.

injure most merchandise, the carrier was liable for stowing the wood in contact with it; but whether such liability extended to the extraordinary damage arising from the peculiar character of the wood was not decided.

Libel by Browning Brothers against the ship St. Patrick for damage to a shipment of Lima wood by reason of its contact with chemicals. The facts were as follows: Libellants were the owners of 50 tons of Lima wood shipped from Liverpool to Philadelphia on board the ship St. Patrick, and described as Lima wood in the bill of lading. The ship carried a general cargo, consisting of bleaching powder, soda-ash, and iron. Bleaching powder and soda-ash, owing to their chemical properties, have a tendency to injure most other merchandise with which they come in contact. Lima wood is a delicate wood, and liable to extraordinary injury from contact with chemicals. Its character and peculiar liability to injury were not communicated to the master, and it being a somewhat rare article of commerce he was not familiar with it and supposed it to be logwood. It was stowed promiscuously through the cargo, and in direct contact with the casks of bleaching powder. The vessel met with heavy weather, and at the conclusion of the voyage the wood was found to have been badly injured by the chemicals. This libel was then filed.

*Henry G. Ward*, for libellant.

*Morton P. Henry*, for respondent.

BUTLER, D. J. This case cannot be distinguished from *Mainwaring* v. *Bark Carrie Delap*, 1 FED. REP. 880, and *Hamilton* v. *Bark Kate Irving*, 5 FED. REP. 630. In both law and fact it is the same,—as respects the question now under consideration. Notwithstanding the criticism of these cases, I think they were well decided. I find no conflict between them and the authorities invoked on the other side. They hold the carrier responsible for proper care in loading, —nothing more. In each case the libellant's merchandise was placed in unsafe proximity to other parts of the cargo— chemicals, which were certain to injure it at such a distance. Here the Lima wood was placed in *immediate contact* with

similar chemicals. That injury would be caused thereby, the carrier was bound to know. He was familiar with soda-ash, and bleaching powders, had carried them before, and knew their tendency to damage almost all other kinds of merchandise, placed near them. He was, therefore, guilty of negligence in thus stowing the cargo. His answer that "the vessel met with heavy weather, which caused the cargo to work," is not important, at this time. Without such weather injury must have resulted. Whether additional injury was caused by the weather, for which the respondent is not liable under the terms of his contract, must be inquired into hereafter, when the *extent* of the liability is under consideration, and all other facts bearing on this question have been ascertained. The same must be said respecting the answer that Lima wood is of great value, and a delicate nature, liable to extraordinary injury from contact with soda-ash and bleaching powders, is a rare article of commerce, was unknown to the respondent, and that he should therefore have been informed respecting it. He believed it to be logwood, and says he would have stowed it elsewhere and covered it with canvas, if he had known what it was. That it might have been carried safely in general ships with the chemicals, is not questioned. Had it been logwood, as the respondent supposed, or any other description of dye-wood, it must necessarily have been injured by immediate contact with the chemicals. He cannot, therefore, escape liability. He did not need other information than he had, to know that such stowage was improper. To this extent he took the risk, and must answer the consequences. Whether he is liable for such extraordinary injury as resulted from the peculiar character, and value of the Lima wood—of which he was uninformed, need not be considered at this time. A decree will be entered against him, and a commissioner appointed to hear the parties and report the extent and amount of damage and loss, properly ascribable to the respondent's negligence in stowing the cargo as he did.